STATE OF VERMONT

SUPERIOR COURT
Vermont Unit

ENVIRONMENTAL DIVISION
Docket No. 55-5-15 Vtec

| | |
|---|---|
| Stakeholders At Danville 05828,<br>Berton Frye,<br>     Plaintiffs<br><br>v.<br><br>Community National Bank,<br>Community Bancorp,<br>Vermont Community Loan Fund,<br>Northern Community Investmt Corp,<br>Northeastern Vermont Dev. Assoc,,<br>     Defendants | DISMISSAL |

On May 18, 2015, Berton R. Frye and "Certain Stakeholders at Danville, Vermont 05828" filed a Complaint with this Court against stakeholders with interests in VT Mortgages, Community National Bank, Community Bancorp, Vermont Community Loan Fund, Inc., Northern Community Investment Corporation, and Northeastern Vermont Development Association, and the State of Vermont. Plaintiff seeks declaratory judgment and requests an ex parte temporary restraining order to prevent a public auction of certain property owned by Mr. Frye and others.[1]

This action, as described in the Complaint, relates entirely to the foreclosure of the Frye properties by the above listed mortgagees. Mr. Frye alleges various misrepresentations and other wrongdoings by the mortgagees in their dealings with the Fryes. Mr. Frye cites to Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) Rule 3 subsections (8) and (10) as establishing this action within the original jurisdiction of the Environmental Division.

Rule 3(8) provides that "[a]ctions by municipalities or interested persons to enforce decisions of appropriate municipal panels under 24 V.S.A., Chapter 117, by mandamus, injunction, process of contempt, or otherwise, as provided in 24 V.S.A. § 4470(b)." V.R.E.C.P. 3(8). There is no allegation in the Complaint related to any municipal decision that Plaintiff is

---

[1] The filing fee was not included with the filing of the Complaint at 4:25 pm.

1

seeking to enforce. While there is reference to an Act 250 State Land Use Permit, there is no reference to Act 250 Permits or their enforcement in Rule 3(8). Thus, V.R.E.C.P. Rule 3(8) does not provide the Court with jurisdiction over this matter.

V.R.E.C.P. Rule 3(10) is a catch all and provides that the Court may hear as a civil action "[a]ny other original action concerning a subject matter within the jurisdiction of the Environmental Court in which the relief sought is not available under other provisions of these rules or by action pursuant to paragraphs (1)–(9) of this rule." V.R.E.C.P. 3(10). The remedy sought by Plaintiffs is not within the subject matter of the Environmental Division and is not available through any provision of the Vermont Rules for Environmental Court Proceedings or any statute included within the jurisdiction of this Court. See 4 V.S.A. § 34 (setting out jurisdiction of the Environmental Division). The Complaint seeks a restraining order prohibiting the sale or encumbrance of the Frye property, a declaration regarding the proper amount of redemption of the Frye property as part of ongoing foreclosure actions, declarations of the process the mortgagees must follow in ongoing foreclosure actions, and a final injunction enjoining defendants from exercising any existing mortgage or other interest in the Frye lots. (Complaint at 7, filed May 18, 2015). None of these matters are within the Court's jurisdiction .

Mr. Frye vaguely alleges that some or all of the Frye property is subject to an Act 250 Permit, and that certain actions undertaken by the mortgagees and/or their legal counsel may, in Mr. Frye's opinion be violations of that Act 250 permit. This does not bring the foreclosure action, Mr. Frye's property rights, redemption amounts, or any relief requested by Mr. Frye within this Court's subject matter jurisdiction. Thus, the Court is without legal authority to consider or order any of the remedies Plaintiffs seek in this action.

## Order

As the Complaint raises issues wholly outside the subject matter of this Court, the matter is **DISMISSED**.

Electronically signed on May 19, 2015 at 01:54 PM pursuant to V.R.E.F. 7(d).

Tom Walsh

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division